920 F.2d 934
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Michael WILLIAMS, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 90-5338.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1990.
 
 1
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and ALLEN, Senior District Judge.*
 
 ORDER
 
 2
 John Michael Williams, a pro se Kentucky prisoner, appeals the district court's order denying his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Williams challenges his 1986 conviction, after a jury trial, of one count of second degree criminal possession of a forged instrument, one count of making a false statement on a debit card application, and one count of being a persistent felony offender (PFO) in the second degree. Williams was sentenced to 10 years imprisonment. Williams's subsequent RCr 121.42 motion was overruled.
 
 
 4
 The Kentucky Court of Appeals affirmed Williams's conviction on June 17, 1988 in an unpublished opinion. The issue raised by appellate counsel concerned the trial court's denial of Williams's motion to suppress the fruits of an allegedly illegal arrest. Williams filed a supplemental pro se brief, arguing, in addition, that a prosecution witness had testified falsely. The Kentucky Supreme Court denied discretionary review.
 
 
 5
 Williams's habeas corpus petition raised the same two issues presented to the Kentucky courts. He was permitted to amend his petition to add a claim that the trial court erroneously admitted a photocopy of the forged check as opposed to the original.
 
 
 6
 The magistrate's report and recommendations found Williams's fourth amendment claim to be barred under the doctrine of Stone v. Powell, 428 U.S. 465 (1976). The report also found that Williams's allegations of perjury were based on trivial inconsistencies brought out on cross-examination and subject to the jury's credibility determinations. Finally, the magistrate determined that admission of the photocopy did not result in a denial of fundamental fairness. Over Williams's objections, the district court accepted the magistrate's report and denied the writ in an order filed January 24, 1990.
 
 
 7
 On appeal, Williams argues that the state did not fully and fairly litigate his fourth amendment claim and that its use of the photocopied check violated his sixth amendment right of confrontation. Williams has also submitted a motion for this court to take judicial notice of five alleged "facts" pertaining to the circumstances of his arrest and trial. The defendant has filed his opposition to the motion.
 
 
 8
 Upon review, we deny the motion to take judicial notice and hereby affirm the district court's order denying Williams's petition for the reasons set forth in the magistrate's report and recommendations, filed August 31, 1989, and the district court's order filed January 24, 1990. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles M. Allen, Senior U.S. District Judge for the Western District of Kentucky, sitting by designation